**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **HYUNDAI CONSTRUCTION EQUIPMENT U.S.A., INC.**, an Illinois Corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>**CHRIS JOHNSON EQUIPMENT, INC.**, a Michigan Corporation,<br><br>                Defendant. | Case No. 06 C 3238<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Request for Relief and Entry of Judgment filed by Plaintiff Hyundai Construction Equipment U.S.A., Inc. (hereinafter, "Hyundai"). For the reasons given below, this Court **grants in part** and **denies in part** Hyundai's Request.

### I. BACKGROUND

In a Memorandum Opinion and Order dated September 10, 2008 (hereinafter, "the Opinion"), this Court granted Hyundai's Motion for Summary Judgment in favor of Count I (unfair competition, Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Count V (violation of the Illinois Uniform Deceptive Trade Practices Act (hereinafter, "IUDTPA") (815 ILCS § 510/1, *et seq*.)) of its Complaint. This Court determined that the record in this case conclusively establishes that Defendant Chris Johnson Equipment, Inc. (hereinafter, "Johnson") imported 23 Hyundai wheel loaders and

excavators and unlawfully sold these machines in the gray market. This Court specifically determined that this case is not "exceptional" within the meaning of 15 U.S.C. § 1117 because of both the lack of evidence of actual consumer confusion and Johnson's efforts to inform its customers about the nature of the products that it was selling.

Hyundai now seeks relief and judgment against Johnson on both Counts. Hyundai requests the following relief:

> (1) monetary damages, under 15 U.S.C. § 1117(a) and (b) and 815 ILCS § 505/10(a), in the amount of $3,041.374.80 (triple Johnson's profits on the sale of the 23 machines);
>
> (2) permanent injunctive relief, under 15 U.S.C. § 1116(a), § 1118, and 815 ILCS § 510/3: (a) restraining and enjoining Johnson from importing, selling, marketing, and purchasing from other than an authorized Hyundai dealer, new, brand new, unused, zero hours, or slightly used Hyundai heavy construction equipment; (b) ordering Johnson to file with this Court and serve upon Hyundai within 30 days after this order, a report, in writing and under oath, detailing the manner and form in which Johnson has complied with the permanent injunction; and (c) requiring Johnson to deliver to Hyundai (or allow Hyundai to pick up), or requiring the destruction of, any and all Hyundai gray market machines in Johnson's possession, custody, and control;
>
> (3) Hyundai's costs, under 15 U.S.C. § 1117(a), 28 U.S.C. § 1920, Fed. R. Civ. Proc. § 54(d), and 815 ILCS § 510/3, in the amount of $6,657.30, which includes filing and service fees, court reporter fees, and copying charges; and

> (4) Hyundai's attorney's fees, under 15 U.S.C. § 1117(a) and 815 ILCS § 510/3, in the amount of $393,099.

Pl's Request at 2-3.

In response, Johnson contends that an order granting monetary damages, costs, or attorney's fees would be inappropriate based on the facts of this case and the statutes at issue. Johnson does not object to the proposed permanent injunctive relief in Paragraphs 2(a) and 2(c) of the Request, but it argues that the relief sought in Paragraph 2(b) is inappropriate and unduly burdensome.

## II. **DISCUSSION**

The Lanham Act confers upon this Court broad discretion to order a wide range of legal and equitable remedies.

> [T]he plaintiff shall be entitled, . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a

> penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a). "Remedies are intended to make violations of the Lanham Act unprofitable, but not to act as a penalty." *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1092 (7th Cir., 1994). As clearly evidenced in the text of the Act as well abundant case law, district courts have "wide discretion to fashion an appropriate remedy." *Id.*

Likewise, this Court has broad discretion to order a remedy under the IUDTPA. *Krautsack v. Anderson*, 861 N.E.2d 633, 643 (Ill., 2006). The IUDTPA provides that courts "may award actual economic damages or any other relief." 815 ILCS § 505/10(a). A court may order "injunctive relief upon terms that the court considers reasonable" without proof of "monetary damage, loss of profits or intent to deceive." 815 ILCS § 510/3. Costs or attorneys' fees may be assessed only upon a finding that the defendant "wilfully engaged in a deceptive trade practice." *Id.*

### A. Monetary Relief

Under the Lanham Act, courts have authority to order a violator to pay monetary relief based on actual damages or as an equitable remedy. "[D]amages may not be purely speculative, a factfinder may make a just and reasonable estimate of the damage based on relevant data; and may act upon probable and inferential, as well as direct and positive proof." *BASF*, 41 F.3d at 1095. A

court may order disgorgement of a defendant's wrongfully gained profits based on a range of equitable rationales, including compensation, unjust enrichment, or deterrence of future misbehavior. *Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 941 (7th Cir., 1989); *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99 C 1174, 2004 WL 1613563, *7 (N.D.Ill., July 19, 2004).

In this case, Hyundai requests an order requiring Johnson to pay monetary damages equal to triple the amount of its profits, the maximum allowed under the Lanham Act. *See* 15 U.S.C. § 1117(a). This Court has discretion to award treble damages based on the circumstances of the case, but damages should not be imposed to penalize the wrongdoer. *BASF,* 41 F.3d at 1092, 1096. In considering whether to enhance the damages award, the Seventh Circuit has held that a court may consider "the impact of the unlawful conduct directly on the plaintiff competitor, the systemic distortion which the wrongdoer's conduct has upon the particular product market, and the costs incurred by the competitor in its effort to mitigate the damages." *Id.* at 1096.

The record conclusively establishes that Johnson imported 23 machines and unlawfully sold them in the U.S. market. As detailed by Hyundai in its Motion for Summary Judgment and its subsequent Request, Johnson purchased these machines from Korean suppliers at a total cost of $3,195,833.33 and sold them in the United States

for $4,484,625, grossing a profit of at least $1,013,791.67. This Court finds it appropriate and just to award Hyundai a monetary award equal to the amount of Johnson's net profits wrongfully obtained on the sale of these machines. However, Johnson must be allowed to establish this figure by providing its expenditures.

The Court sees no reason to enhance the award. As discussed in the Opinion, no actual customer confusion has been demonstrated in this case, and Johnson actively informed its customers that they were buying products without warranties that had been purchased overseas. Therefore, this Court orders Johnson to provide its expenditures related to the 23 machines so that the net profit can be determined.

**B. Injunctive Relief**

Pursuant to its broad authority under the Lanham Act and the IUDTPA to order injunctive relief, this Court concurs with the parties that Hyundai's requests articulated in Paragraph 2(a) and 2(c) are appropriate based on the facts of this case. As such, the Court permanently enjoins Johnson from importing, selling, marketing, and purchasing any new or slightly used Hyundai equipment from other than an authorized Hyundai dealer. The Court also orders Johnson to deliver to Hyundai or to destroy all Hyundai gray market machines in its possession, custody, or control. This relief is appropriate to prevent continued and future injuries to Hyundai. With respect to Paragraph 2(b) (the request that Johnson

file with this Court and serve upon Hyundai a report detailing its compliance within 30 days), this Court agrees with Johnson that this proposed remedy is unduly burdensome and unnecessary.

## C. Costs

The Lanham Act confers upon this Court discretion to order Johnson to pay Hyundai for its costs in litigating this case. 15 U.S.C. § 1117(a). The IUDTPA also authorizes a court to assess costs if it determines that the defendant "wilfully engaged in a deceptive trade practice." 815 ILCS § 505/10(a).

In its Opinion, this Court found that the evidence in this case establishes that Johnson knowingly imported and unlawfully sold 23 Hyundai machines at the expense of Hyundai and its authorized dealers. Hyundai brought this suit against Johnson to protect its current and future business and its goodwill. In its Bill of Costs, Hyundai detailed its litigation expenses, which include filing and service fees, court reporter fees, and copying charges. Pl's Request, Ex. C. The Court finds that the enumerated costs are reasonable, and, in its discretion, awards these costs, in the amount of $6,657.30, to Hyundai.

## D. Attorneys' Fees

While this Court retains discretion to fashion any appropriate remedy, generally an order of attorneys' fees is reserved for "exceptional cases." *Id.* "Exceptional" cases under the Lanham Act include those "in which the acts of infringement are malicious,

fraudulent, deliberate or willful." *BASF,* 41 F.3d at 1099. Under the IUDTPA, a court may assess attorneys' fees only if it finds that the defendant "wilfully engaged in a deceptive trade practice." 815 ILCS § 505/10(a).

In its Opinion, this Court specifically declined to find that this case is "exceptional" to justify an award of attorneys' fees and costs. Opinion at 8. This Court instead found that "Johnson took apparent pains to inform his customers" that they were purchasing a Hyundai product without a warranty that had been purchased overseas. *Id.* At this time, this Court reiterates its earlier finding that there was no actual customer confusion shown in this case, and this case is not "exceptional" as defined by the Lanham Act. Therefore, this Court declines to award attorneys' fees to Hyundai.

### III. CONCLUSION

For the reasons stated herein, this Court **grants in part** and **denies in part** Hyundai's Request for Relief and Entry of Judgment. The Court rules as follows:

(1) Orders Johnson to pay to Hyundai monetary damages in the amount of Johnson's net profit on the sale of the 23 machines;

(2) Permanently restrains and enjoins Johnson and all of its agents, servants, employees, successors and assigns, and all persons or entities in active concert or participation with Johnson, from importing, selling, marketing, advertising, and

purchasing from other than an authorized Hyundai dealer, "new," "brand new," "unused," "zero hours," or "slightly used" Hyundai heavy construction equipment, which are defined, as "a unit of heavy construction equipment that has not been operated in the field and/or operated less than 100 hours";

(3) Orders Johnson and all of its agents, servants, employees, successors and assigns, and all persons or entities in active concert or participation with Johnson, to deliver to Hyundai (or allow Hyundai to pick up), or destroy, any and all Hyundai gray market machines in Johnson's possession, custody, and control; and

(4) Orders Johnson to pay to Hyundai its litigation costs, in the amount of $6,657.30, which includes filing and service fees, court reporter fees, and copying charges.

**IT IS SO ORDERED.**

                              Harry D. Leinenweber, Judge
                              United States District Court

**DATE:** October 21, 2008